**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV367**

| | | |
|---|---|---|
| **OLIN CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **P. H. GLATFELTER COMPANY, a/k/a** | ) | |
| **"Glatfelter" and d/b/a "Glatfelter** | ) | |
| **Company,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on motion of Plaintiff Olin

Corporation to dismiss the counterclaims filed by Defendant P.H. Glatfelter

Company.

## I. PROCEDURAL HISTORY

Plaintiff's complaint alleges it entered into a Purchase Agreement

(Agreement) with Defendant's predecessor in interest, Ecusta Corporation

(Ecusta).  **Plaintiff's Amended Complaint, filed November 15, 2006, at**

**3**.  According to the complaint, the Agreement provided for the sale of

Plaintiff's paper mill in Pisgah Forest, North Carolina, to Ecusta and included a provision whereby Ecusta agreed to indemnify Plaintiff against all environmental liabilities listed in an attached Environmental Disclosure Statement (EDS). *Id.* **at 3, 5-6**. Plaintiff alleged Defendant had breached the Agreement by refusing to indemnify Plaintiff for environmental liabilities resulting from mercury contamination in and around the mill, even though such mercury contamination was listed in the EDS. *Id.* **at 8-9**. As a result, Plaintiff requested a declaratory judgment and attorney fees, among other relief. *Id.* **at 7, 9.**

Defendant filed a timely answer and counterclaimed for fraud, negligent misrepresentation, and unfair and deceptive trade practices. **Defendant's Answer and Counterclaim, filed January 16, 2007, at 16-18**. The counterclaims allege the EDS did not adequately disclose the mercury contamination at the mill and its environs, despite the fact that Plaintiff knew or should have known of the contamination at the time it entered into the Agreement. *Id.*

Plaintiff filed the instant motion in response, requesting the Court to dismiss Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). **Plaintiff's Motion to Dismiss, filed February 5,**

**2007**.  Defendant filed a detailed memorandum in opposition to Plaintiff's motion to dismiss, and Plaintiff has filed its reply.  **Defendant's Memorandum in Opposition to Plaintiff's Motion to Dismiss, filed February 23, 2007; Plaintiff's Reply to Defendant's Memorandum, filed March 9, 2007**.

## II. STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  **Fed. R. Civ. P. 12(b)(6).**  A motion to dismiss under Rule 12(b)(6) should be granted only if the non-movant cannot prove any set of facts that would entitle him or her to relief.  **Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).**  For the limited purpose of deciding whether to grant Plaintiff's motion to dismiss based on Rule 12(b)(6), this Court must "accept the well-pled allegations of the [counterclaims] as true[ ] and . . . construe the facts and reasonable inferences derived therefrom in the light most favorable" to Defendant, the non-movant.  **Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).**

## III. DISCUSSION

On review of Plaintiff's motion to dismiss and the parties' subsequent responses, it appears to the Court that the parties have submitted additional matters for consideration that were not included in the original complaint and counterclaims.  Because the purpose of a Rule 12(b)(6) motion is to test the legal, but not the factual, sufficiency of a claim, the Court's consideration of such a motion is limited to the initial pleadings alone.  ***See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999).**  The Court, therefore, declines to consider these outside matters.

Should Defendant wish the Court to consider additional matters not stated in its present counterclaims, the proper procedural mechanism is for Defendant to submit a motion to amend along with proposed amended counterclaims.  Defendant shall have 20 days from entry of this Order in which to utilize this procedural mechanism, should it choose to do so.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to dismiss is hereby **DENIED WITHOUT PREJUDICE**.

5

Signed: September 24, 2007

Lacy H. Thornburg
United States District Judge