IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV367

| | |
|---|---|
| OLIN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| P. H. GLATFELTER COMPANY, a/k/a ) | |
| "Glatfelter" and d/b/a "Glatfelter ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion for a discovery conference, to be refereed by the undersigned, pursuant to Federal Rules of Civil Procedure 16 and 26.[1] The motion is opposed by Plaintiff. For the reasons stated herein, the motion is denied.

---

[1] The Court notes that Defendant has made an identical, simultaneous motion in a related case before the undersigned, *P.H. Glatfelter Co. v. Olin Corp.*, No. 1:08CV160. That motion is addressed in a separate order.

# I. FACTUAL AND PROCEDURAL HISTORY

This lawsuit began in November 2006, when Plaintiff Olin Corporation filed a complaint against Defendant P.H. Glatfelter Company, alleging breach of contract. **Plaintiff's First Amended Complaint, filed November 15, 2006, at 3.** The complaint alleges that Defendant wrongfully refused to indemnify Plaintiff for environmental liabilities resulting from mercury contamination in and around a paper mill formerly owned by Plaintiff and later owned for a period of time by Defendant. *Id.* **at 8-9.**

The mill in question is located in Pisgah Forest, North Carolina. Its property, which includes several hundred acres and at least 75 buildings, has been slowly falling into ruin since 2002, when financial problems caused its operations to shut down. **Exhibit K, Declaration of Jack S. Garren,** *attached to* **Motion for Discovery Conference, filed July 1, 2008, ¶¶ 7, 8.** According to the instant motion, documents pertinent to the present litigation are scattered throughout the mill campus, many of them strewn around in buildings that are unsafe to enter[2] and thus effectively

---

[2] According to the instant motion, "[s]nakes, spiders, owls, bats, and rodents occupy many of the buildings at the Mill. Some documents are located in buildings where there is visible asbestos, where ceiling tiles are

inaccessible.  **Motion for Discovery Conference,** *supra,* **¶¶ 17, 18.**  Of those documents that can actually be reached, many have deteriorated due to poor conditions including roof leaks.  *Id.* **¶ 18.**

As a result of these circumstances, the discovery process in this case has been arduous.  Both parties have attempted to make the most of the difficult situation by physically visiting the mill to review and copy what documents they can.  *See id.* **¶ 10.**  The mill's current owner, Davidson River Village (DRV) has cooperated in permitting their access.  *Id.* **¶ 15.**  Additionally, both DRV and another predecessor in title, Ecusta Business Development Center (EBDC), have complied with document subpoenas from Plaintiff.  *Id.* **¶11.**

On June 6, 2008, DRV notified Plaintiff and Defendant that it planned to demolish the buildings on the mill property.[3]  *Id.* **¶ 13.**  DRV noted that, although many documents would be destroyed in the course of the demolition, DRV would maintain custody of "'certain environmental documents, filter plant operational documents, and plant drawings.'"  *Id.* **¶**

---

on the floor, and where there are large holes in the floor[.]"  **Motion for Discovery Conference,** *supra***, ¶ 18 (citation omitted).**

[3] This demolition is necessary in order to clean up the environmental conditions at the mill and ready the site for redevelopment.  *Id.* **¶ 12.**

**14 (quoting Exhibit M, Letter from Samantha R. Corson, *attached to Motion for Discovery Conference, supra*, at 1).** As to all other documents located at the site, DRV indicated that Plaintiff and Defendant could visit the site to retrieve them until July 1, 2008, at which point demolition was scheduled to begin. *Id.* **¶ 15.**

Representatives from Defendant visited the site on June 16, 17, 18, and 24. *Id.* **¶ 20.** According to the instant motion, "Glatfelter representatives – taking appropriate safety precautions including wearing hard hats, closed-toed or steel-toed shoes, and gloves and carrying heavy-duty flashlights – reviewed documents in the 23 buildings most likely to have relevant documents or likely to lead to the discovery of admissible evidence." *Id.* With DRV's consent, Defendant removed the documents it gleaned from its search and placed them in a room at the mill's main office building. *Id.* **¶ 21.** This building, according to Defendant, is scheduled to be demolished "several months from now." *Id.*

Plaintiff has apparently not visited the mill site since its receipt of DRV's letter in June 2008. According to Defendant, Plaintiff "has refused to come to the Mill before demolition begins or to request that particular documents be preserved. Rather, [Plaintiff] insists that 'all of the

documents currently located at the Mill are potentially relevant' and must be preserved." *Id.* ¶ 23 **(quoting Exhibit P, Letter from J. H. Jennifer Lee, *attached to* Motion for a Discovery Conference, *supra*, at 1.).** Plaintiff, on the other hand, states its position as follows: "Document production in this contract action is virtually complete. . . . Thus, other than a few potential housekeeping matters, none of which involve documents located at the Mill, discovery is essentially over." **Response to Motion for Discovery Conference, filed July 18, 2008, at 4.**

## II. ANALYSIS

The adjudication of discovery disputes, such as this one, is generally within the discretion of the district court. "The standard of review for discovery rulings allows the trial judge great discretion. . . ., 'given the complex task of managing the multifarious questions which arise in such litigation.'" *Crawford v. Avon Prods., Inc.*, **842 F.2d 1289 (table), 1988 WL 21224, at *1 (4th Cir. 1988) (unpublished) (quoting *Ardrey v. United Parcel Servs.*, 798 F.2d 679, 685 (4th Cir. 1986)).**

The instant motion requests the Court to "establish[ ] a protocol for determining which documents in the Mill should be preserved before

demolition activities begin at the site" and "adopt[ ] special procedures for the preservation of any such relevant documents, including allocating the duties, if any, of the parties to review the documents at the Mill." **Motion for Discovery Conference,** *supra***, at 12.** Plaintiff, on the other hand, takes the position that such "protocols" and "procedures" are unnecessary because there are no significant outstanding discovery issues in this case. **Response to Motion for Discovery Conference,** *supra***, at 4.**

The record in this case supports Plaintiff's position. At the initial attorneys' conference, the parties agreed that all factual discovery would be completed by November 15, 2007. **Certification and Report of Initial Attorney's Conference, filed March 1, 2007, ¶ 3(a);** *see also* **Pretrial Order and Case Management Plan, filed March 6, 2007, at 3 (Court order formalizing the parties' agreed deadline).** Later, at the parties' joint request, the Court extended the factual discovery deadline to February 15, 2008. **Order, filed November 6, 2007, at 2.** The parties also requested, and received, one further extension of time, but only with respect to certain specified witness depositions. **Order, filed February 21, 2008, at 2;** *see also* **Consent Motion to Amend the Case Management Plan, filed February 15, 2008, at 5 (stating that, other than with regard

**to the scheduling of depositions, "[t]he parties do not intend to otherwise modify the deadlines for the close of discovery.").**

Thus for the most part, discovery closed more than three months before DRV gave notice of the demolition of the mill's buildings and more than four months before the instant motion requesting a Court-supervised discovery conference. Even assuming the Court was able to craft a "protocol" to govern the present dispute, it is far too late in these proceedings for such a solution.

The Court's established mechanism for adjudicating discovery disputes of this kind is set forth in Local Rule of Civil Procedure 16.1(G), which allows parties to request an initial pretrial conference (IPC) in their proposed discovery plan. By this means, the parties may obtain Court supervision over disputes involving, among other things, "discovery guidelines and deadlines" and "maintenance of discovery material." **LCvR 16.1(G).** This conference, however, is designed to take place at the beginning of discovery, not months after it is completed. *See id.* **("Not later than 14 days after receipt of the proposed discovery plan, the court will set the date for the IPC[.]").**

For these reasons, the Court finds that a discovery conference is not warranted at this time.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for a discovery conference is hereby **DENIED**.

Signed: August 25, 2008

Lacy H. Thornburg
United States District Judge